## Case No. 17,651.

WILDER v. UNION NAT. BANK et al.

[9 Biss. 178; 9 Reporter, 3; 12 Chi. Leg. News, 75; 9 Nat. Bank Cas. (Browne) 124; 9 N. Y. Wkly. Dig. 220.] [1]

Circuit Court, N. D. Illinois. Nov., 1879.

REMOVAL OF CAUSES—NATIONAL BANKS—FEDERAL QUESTION—RECORD.

1. The fact that one of the parties to a suit is a national bank is no ground for removal from a state to the federal court.
[Disapproved in Cruikshank v. Fourth Nat. Bank, 16 Fed. 890.]

2. To authorize a removal on the ground that the suit involves a question arising under the constitution and laws of the United States, it must clearly appear from the record that a federal question is presented and must be passed upon in the disposition of the case. and the laws referred to and the facts relied upon as affected by these laws must be fully and clearly set out.

At law.

M. W. Fuller, for plaintiff.
G. W. Stanford, for defendants.

BLODGETT, District Judge. A motion is made to remand this case to the circuit court of Cook county, from whence it was removed into this court by the defendant. It appears from the record that this is an action in ejectment. which was brought originally by the plaintiff, Jacob Wilder, against the defendants, Libby, McNeil & Libby. Soon after the commencement of the suit, and before pleas were filed, the Union National Bank of this city appeared by petition in the case. and represented to the court that it was the owner in fee of the property in controversy. and that the defendants in the case were tenants of the bank. and prayed that the bank might be made defendant, and allowed to make defense in the case. An order was made to that effect, whereupon said bank filed its plea of the general issue, and at the same time its petition for the removal of the case to this court, which petition was granted. and an order of court entered directing such removal. The plaintiff now moves to remand the case to the circuit court of Cook county.

It appears from an inspection of the record, that the removal was claimed in the petition filed by the bank upon two grounds. First, that the defendant bank is a corporation, organized and doing business in this district, under the act of congress, "for the

---

[1] [Reported by Josiah H. Bissell. Esq., and here reprinted by permission. 9 Reporter, 3, contains only a partial report.]

organization and government of national banks," and that as the corporation derives its existence from a law of the United States, it is claimed that this is a controversy arising under a law of the United States within the meaning of the second section of the act of March 3, 1875 [18 Stat. 470], fixing the jurisdiction of the federal courts, and the right of removal from the state to the federal courts. Secondly, that said suit is one arising under the constitution of the United States in this: "That the question is involved in said suit of whether the obligation of the contract of purchase of the premises, of which those in question form a part, by your petitioner's predecessor in the title of Benjamin Wilder, the plaintiff's ancestor, under whom he claims, is not impaired, under section 10 of article 1, of the constitution of the United States, by certain acts of the general assembly of the state of Illinois, to-wit: an act entitled 'An act authorizing cities to change, alter and vacate streets, or parts of streets,' approved February 15, 1851 (Laws Ill. 1849–1851, p. 112), and an act entitled 'An act in relation to the vacation of streets, squares. lanes. alleys and highways.' approved February 16, 1865 (Pub. Laws Ill. 1865, p. 130), and an act entitled 'An act to revise the law in relation to the vacation of streets and alleys,' approved March 24. 1874 (Rev. St. Ill. 1874, c. 145)."

The motion to remand is made upon the ground that sufficient evidence does not appear upon the face of the record to show that this case is removable from the state to the federal court.

The first cause for removal assigned, which is, that being a national bank, the defendant has the right of removal. is not, I think, well taken. By the second section of the act of July 27, 1868 ([15 Stat. 227]; Rev. St. 1878, § 640), it is provided that "any suit commenced in any court other than a circuit or district court of the United States against any corporation other than a banking corporation organized under the law of the United States, or against any member thereof, as such member, for any alleged liability of such corporation, or of such member as a member thereof, may be removed," etc. It is now, I think, the well settled law by decisions by justices of the supreme court, and circuit judges at their circuits, although there is no decision to that effect, to my knowledge, by the supreme court, that this statute remains in force except so far as it is repugnant to, and thereby constructively repealed by, the act of March 3, 1875; and if so, corporations like this defendant are expressly excepted from the right of removal.

As to the second cause upon which the right of removal is claimed, that this is a suit arising under the constitution and laws of the United States; that is, that the subject matter of the controversy is a question necessarily arising under the constitution and laws of the United States, it will be noticed that not until the act of March 3, 1875, did congress ever authorize the removal of a case from the state to the federal court, because it was a case arising under the constitution and laws of the United States; and I am not aware that the direct question has ever been made in any of the federal courts as to what must be shown in the record in order to authorize the federal courts to take jurisdiction of a case removed to them from the state court for this cause. It would seem, however, to be a safe and sound rule to adopt, that it must clearly appear from the record, when all inspected together, that a federal question is presented, and must necessarily be passed upon in the disposition of the case. Tested by this rule, an inspection of the pleadings in this record fails to disclose any federal question; we have a simple declaration in the usual form in ejectment, in which the plaintiff charges the defendants with having entered the premises in question, and withholding possession thereof from the plaintiff. and the plaintiff's averment that he claims the premises in fee. and the defendants' denial by the plea of general issue, of the allegations in the plaintiff's declaration. From the nature of the pleadings in this form of action, very little is disclosed in regard to the nature of the controversy, or the peculiar questions which will arise on the trial of the case.

The defendant, in making a case for removal by its petition, has attempted to set out how a federal question does arise, under the constitution of the United States, in the case. I have no doubt but what it was the right of the defendant to inform the state court in this manner of the federal question which it intended to insist upon in the case. The only question is. is it sufficiently set out, so that the court can clearly see that such a question does, and must necessarily arise on the trial of this suit. It seems to me that the statement is far too meagre to give the requisite information.

The defendant states that certain laws of the state of Illinois impinge upon, or violate the tenth section of article 1 of the constitution of the United States, but fails to state in what respect, or how the rights, either of the plaintiff or defendant in the suit, are affected by the operation of those laws. There is perhaps, enough in the statement of the case, by reference to the statutes of the state of Illinois there referred to, to lead the court to infer that the controversy is in regard to the vacation of a street or alley by some city or town authority, but it seems to me this is not sufficient. The party should state, with sufficient particularity. the facts through and from which the question arises, that the statutes of Illinois, when applied to such facts, violate the constitutional right referred to; and there being no such statement, it seems to me that the record does not sufficiently show that this is a case coming with-

in the jurisdiction of this court, or the right of removal from the state court to this court.

It was also objected by plaintiff, on the motion to remand, that part of the defendants are citizens of the same state with plaintiff, and therefore the right to remove did not exist. Two answers to this objection occur to me: First—If the record presents a federal question which is a right of action or defense under the constitution and laws of the United States, then the citizenship of the parties has nothing to do with the right of removal. Second—The bank, as owner of the fee to the property in controversy, has assumed the conduct of the litigation, and its tenants, Libby, McNeil & Libby, are only nominal parties; in fact were in default for want of plea, although no default had been formally entered against them at the time this petition for removal was filed.

The cause is remanded to the state court.

NOTE. The federal courts have jurisdiction over suits by or against a national bank. commenced in the circuit court in the district in which the bank is located. irrespective of citizenship or subject matter. Foss v. National Bank [8 Fed. 728]; First Nat. Bank v. Douglas Co. [Case No. 4,809]; Commercial Bank v. Simmons [Id. 3,062]; Kennedy v. Gibson, 8 Wall. [75 U. S.] 498; County of Wilson v. National Bank, 103 U. S. 770. But the bank cannot bring suit out of the state, when the amount in controversy does not exceed $500. St. Louis Nat. Bank v. Brinkham [1 Fed. 45]. Nor be sued in a federal court outside of the district. Main v. Second Nat. Bank [Case No. 8,976].